IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 1-800 CONTACTS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MEMORIAL EYE, P.A.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT ON DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE AND SEVENTH COUNTERCLAIM<br><br>Case No. 2:08-CV-983 TS |

This matter is before the Court on Plaintiff's Motion for Summary Judgment on Defendant's Fifth Affirmative Defense and Seventh Counterclaim[1]—both of which are based on the unclean hands defense. As discussed below, the Court will grant the Motion.

---

[1]Docket No. 102.

# I. BACKGROUND

This is a trademark dispute. Plaintiff claims that Defendant has violated its trademark by purchasing sponsored advertisements from Google and other search engines so that when a search for Plaintiff's mark is run, links to Defendant's websites appear in the sponsored links.

In its Second Amended Answer and Counterclaims, Defendant's fifth affirmative defense pleads, "5. Memorial Eye asserts the defense of unclean hands." The seventh counterclaim states in full,

> 25. Memorial Eye incorporates by reference the allegations of the preceding paragraphs.
>
> 26. Plaintiff's actions, including suing competitors for conduct it has also engaged in and profited from, constitutes unclean hands. Such conduct includes but is not limited to all conduct specifically referenced in this Complaint and included under the definition of unclean hands. By way of example but not limitation, Plaintiff's main ecommerce portal repeatedly turns up either as an organic search result and/or as a sponsored link when competitors' trademarks, trade names, URLs and/or domain names are searched. By way of further example but not limitation, Plaintiff has engaged in malicious cyber activities designed to manipulate evidence that Plaintiff then cites as proof of infringement. By way of further example but not limitation, Plaintiff has made fraudulent statements to the trademark office and in discovery responses to issues related to the merits of its trademark claims.
>
> 27. Unclean hands constitutes trademark misuse to the injury of Memorial Eye for which Memorial Eye demands a remedy.[2]

---

[2] Docket No. 144, at 16-17. While the Second Amended Answer and Counterclaim was not filed with the Court during the time the parties were briefing this Motion, both parties were in possession of the Second Amended Answer and Counterclaim a short time after Plaintiff filed its Memorandum in support. The parties addressed the changed language in the Second Amended Answer and Counterclaim in their pleadings and in oral argument.

Plaintiff now moves for summary judgment and argues that Defendant's unclean hands defense fails because Plaintiff's alleged misconduct is not sufficiently related to its claims against Defendant. Furthermore, Plaintiff requests that the Court strike the fraud allegations in Defendant's Second Amended Answer and Counterclaims because they are not plead with sufficient particularity. For the reasons discussed below, the Court will grant Plaintiff's Motion.

## II. LEGAL STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[3] In considering whether a genuine issue of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5] Both movants and nonmovants of summary judgment motions must support their assertions by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[6]

---

[3] FED. R. CIV. P. 56(a).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[6] FED. R. CIV. P. 56(c)(1).

III.  DISCUSSION

Plaintiff argues that Defendant bases its unclean hands defense and counterclaim on issues unrelated to Plaintiff's actions regarding its marks at issue in this case and, consequently, the defense of unclean hands is inapplicable.  Specifically, Plaintiff points to Defendant's allegations that Plaintiff has engaged in the same conduct it is suing Defendant over because a link to Plaintiff's website appears as a result of internet searches where other companies' marks are used as the search terms.  Plaintiff argues that, in order for Defendant to raise a valid unclean hands defense, Defendant must allege some wrongdoing by Plaintiff "in obtaining or using" Plaintiff's marks.[7]

Defendant argues that the case law does not require Plaintiff's misconduct to be related to Plaintiff's claims against Defendant in order to constitute a valid unclean hands defense.  Alternatively, Defendant argues that Plaintiff's alleged misconduct is sufficiently related to Plaintiff's claims to constitute unclean hands.  Thus, the threshold issue before the Court is whether the unclean hands defense and trademark misuse counterclaim may be based on Plaintiff's conduct regarding marks unrelated to those Plaintiff seeks to protect in its Complaint.

A.  UNCLEAN HANDS AFFIRMATIVE DEFENSE

The Tenth Circuit rule regarding unclean hands is laid out in *Worthington v. Anderson*.[8] This case involved a dispute regarding the dissolution of a business partnership.  The Andersons moved for dismissal based on the Worthingtons' unclean hands.  Namely, the Andersons argued

---

[7]Docket No. 103, at 7.

[8]386 F.3d 1314 (10th Cir. 2004).

that the Worthingtons actions harmed the Andersons financially, and were it not for these actions the Andersons would have been in a financial position to launch their new business without using the mark from the prior partnership.[9]  The district court dismissed the case, and the Worthingtons appealed.

In its analysis, the Tenth Circuit stated that the doctrine of unclean hands "does not empower a court of equity to deny relief for any and all inequitable conduct on the part of the plaintiff.  *Instead, the inequitable conduct must be related to the plaintiff's cause of action*."[10] The court continued:

> [There are] two types of "related conduct" that will permit application of the unclean hands doctrine in a trademark case.  The first involves inequitable conduct toward the public, such as deception in or misuse of the trademark itself, resulting in harm to the public such that it would be wrong for a court of equity to reward the plaintiff's conduct by granting relief. . . . The second type of related conduct arises when the plaintiff has acted inequitably toward the defendant in relation to the trademark.  As a leading treatise explains:
>
>> The maxim [of "unclean hands"], considered as a general rule controlling the administration of equitable relief in particular controversies, is confined to misconduct in regard to, or at all events connected with, the matter in litigation, so that it has in some measure affected the equitable relations subsisting between the two parties, and arising out of the transaction; it does not extend to any misconduct, however gross, which is unconnected to the matter in litigation, and with which the opposite party has no concern.[11]

---

[9]*Id.* at 1315-17.

[10]*Id.* at 1320 (emphasis added) (citing *McCullough Tool Co. v. Well Surveys, Inc.*, 395 F.2d 230, 238 (10th Cir. 1968)).

[11]*Id.* (quoting 5 JOHN NORTON POMEROY & SPENCER W. SYMONS, A TREATISE ON EQUITY JURISPRUDENCE § 399, at 94-95 (5th ed. 1994) and citing 5 POMROY & SYMONS § 402b, at 124-25; 5 MCCARTHY §§ 31:48-31:51, at 31-95 to 31-102) (internal citation omitted).

The Worthington court held that "[w]here a plaintiff interferes with the defendant's ability to comply with his or her responsibilities, a court of equity will not turn a blind eye to the net effect on the parties' equitable relationship."[12] It affirmed the lower court's dismissal because the Worthington's conduct "was sufficiently related to the trademark case to justify the application of the unclean hands doctrine."[13]

Plaintiff also cites *Utah Lighthouse Ministry, Inc., v. Discovery Computing, Inc.*[14] In that trademark case the defendants moved to dismiss the complaint on grounds of unclean hands because the plaintiff's behavior constituted the same type of behavior the plaintiff sought to enjoin in its Complaint.[15] In articulating the rule, this Court stated "[t]he unclean hands doctrine requires that the inequitable conduct on the part of the plaintiff be related to the plaintiff's cause of action."[16] "Courts have held that the doctrine of unclean hands would prevent enforcement of a trademark only if a plaintiff's wrongdoing was related to the trademark that the plaintiff was

---

[12]*Id.* at 1321-22 (citing *Fed. Folding Wall Corp., v. Nat'l Folding Wall Corp.*, 340 F. Supp. 141, 146 (S.D.N.Y. 1971); *J. Bar H, Inc. v. Johnson*, 822 P.2d 849, 861-62 (Wyo. 1991)).

[13]*Id.* at 1322.

[14]2005 WL 3263157 (D. Utah Dec. 1, 2005) (Kimball, J.)

[15]*Id.* at *8.

[16]*Id.* at *9 (citing *Worthington*, 386 F.3d at 1320.)

attempting to enforce."[17] The Court then held the defendants did not have a cause of action against the plaintiffs and denied the motion to dismiss.

Additionally, Plaintiff cites MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, the leading trademark treatise,[18] which directly addresses the issue before the Court:

> The plaintiff's alleged infringement of a different trademark does not furnish grounds for an unclean hands defense. For example, if A sues B for infringement of A's trademark ALPHA, can B deflect the lawsuit by claiming that A has unclean hands, alleging that A is infringing B's trademark BETA? The answer is that this is *not* unclean hands because A's alleged infringement of the trademark BETA is not relevant to the subject matter of the litigation concerning B's alleged infringement of the trademark ALPHA.[19]

*Worthington* and *Utah Lighthouse Ministry*, when applied to this case, lead to the conclusion that Defendant's unclean hands defense is not sufficiently related to Plaintiff's claims. *Worthington* states that unclean hands is applicable in two instances, where there was inequitable conduct towards the public or where inequitable conduct was aimed at Defendant. Defendant argues that unclean hands conduct need not be related to Plaintiff's mark it seeks to protect if the defense lies in inequitable conduct toward the public. This argument is clearly contradicted by

---

[17]*Id.* (citing *Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 870 (9th Cir. 2002); *Fuddruckers, Inc., v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987); 2 MCCARTHY § 31:51 (4th ed. 2002)).

[18]*In re Rath*, 402 F.3d 1207, 1213 (Fed. Cir. 2005); *Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C.*, 212 F.3d 157, 167 (3d Cir. 2000).

[19]§ 31:48 (citing *Flow Control Industries, Inc., v. AMHI, Inc.*, 278 F. Supp. 2d 1193 (W.D. Wash 2003)).

*Worthington* which requires the inequitable conduct or either instance "be related to the plaintiff's cause of action."[20]

Defendant also seeks the Court to interpret *Worthington* so that Plaintiff's conduct regarding other trademarks—in many instances third parties' marks—opens the door to the unclean hands defense. However, this interpretation would contradict the unclean hands rule as described in *Utah Lighthouse Ministry* and the McCarthy treatise.

Finally, Defendant asks the Court to deny the Motion because the unclean hands defense may apply to Plaintiff's state law claims. However, in their pleadings and in oral argument Defendant did not provide any evidence to support this argument. Once Plaintiff has adequately supported its Motion, Defendant must marshal evidence to defeat the Motion. As Defendant has failed to produce such evidence, the Court will grant the Motion.

B.  TRADEMARK MISUSE / UNCLEAN HANDS COUNTERCLAIM

In its Second Amended Answer and Counterclaim, Defendant pleads details in its paragraphs regarding trademark misuse that were not included in the First Amended Answer and Counterclaim. Specifically, Defendant alleges that Plaintiff has unclean hands because it "has engaged in malicious cyber activities designed to manipulate evidence that Plaintiff then cites as proof of infringement. . . . Plaintiff has made fraudulent statements to the trademark office and in discovery responses to issues related to the merits of its trademark claims."

---

[20] *Worthington*, 386 F.3d at 1320 (citing *McCullough Tool Co. v. Well Surveys, Inc.*, 395 F.2d 230, 238 (10th Cir. 1968)).

The Court notes that trademark misuse is generally viewed as another term for unclen hands.[21] "Unclean hands or trademark misuse, is purely an affirmative defense and does not form the basis for an affirmative claim for recovery."[22] Thus, insofar as Defendant's trademark misuse counterclaim relies on Plaintiff's alleged unclean hands, the claim must fail.

The Court finds that the additional language alleging "malicious cyber activities" does not cause the trademark misuse counterclaim to survive Plaintiff's Motion. Again, Defendant has not produced evidence to support this claim or show that the activities were related to Plaintiff's trademark infringement claims against Defendant.

Plaintiff argues that the fraud language included in the Second Amended Answer and Counterclaim should be stricken because the fraud counterclaim is not plead with the specificity required in FED.R.CIV.PRO. Rule 9. Defendants seeks leave to file a third amended answer and counterclaim. The Court strikes the language because it clearly does not satisfy the particularlity requirement of Rule and. The Court finds that it would be inequitable to permit Defendant to

---

[21] 5 MCCARTHY § 31.44.

[22] 5 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 31:44 (citing *Juno Online Servs. v. Juno Lighting, Inc.*, 879 F. Supp. 684 (N.D. Ill. 1997)); *see also Ford Motor Co. v. Obsolete Ford Parts, Inc.*, 318 F. Supp. 2d 516, 521 ("The court declines to announce or create an independent cause of action for trademark misuse and finds that Defendant's claim is more appropriately case as a potential affirmative defense."); *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d. 823, 831 n.23 (E.D. Va. 2001) ("[A]uthority is uniform in allowing trademark misuse only as an affirmative defense to a trademark infringement action ."); *Juno Online Servs. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 687-91 (N.D. Ill. 1997) ("[S]ince plaintiff has failed to point the court to a single case in which an American court has used trademark misuse affirmatively, the court is quite skeptical to allow an affirmative claim for trademark misuse.").

amend its answer and counterclaim yet again because the fraud claims should have been initially plead in accordance with the Federal Rules of Civil Procedure.

IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment on Defendant's Fifth Affirmative Defense and Seventh Counterclaim (Docket No. 99) is GRANTED. If is further

ORDERED that the language from Defendant's Second Amended Answer and Counterclaim alleging the counterclaim of fraud is STRICKEN. The Court also DENIES with prejudice Defendant's request made in oral argument for leave to file a third amended answer and counterclaims.

DATED   December 13, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge